THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMMA ALVARADO, on behalf of herself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C09-0189 MJP<br><br>SECOND AMENDED CLASS ACTION COMPLAINT FOR:<br><br>(1) VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT;<br><br>(2) UNJUST ENRICHMENT; AND<br><br>(3) DECLARATORY RELIEF UNDER THE DECLARATORY JUDGMENT ACT.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Emma Alvarado ("Plaintiff") makes all allegations in this Second Amended Complaint based upon information and belief, except those allegations that pertain to Plaintiff, which are based on personal knowledge. Plaintiff's information and belief are based upon, *inter alia*, Plaintiff's own investigation and the investigation conducted by Plaintiff's attorneys. Each allegation in this complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## **NATURE OF THE ACTION**

Plaintiff brings this complaint individually on behalf of herself and on behalf of a class of persons similarly situated against defendant Microsoft Corporation ("Microsoft") for

SECOND AMENDED CLASS ACTION COMPLAINT - 1
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

violations of the Washington Consumer Protection Act and unjust enrichment arising out of Microsoft's unfair and unlawful business practice of mandating that consumers must first obtain a license for the Windows Vista Business, Windows Vista Ultimate, Windows 7 Business, or Windows 7 Ultimate operating system on their personal computers in order to then purchase the Windows XP® Professional operating system. Microsoft refers to this mandate as "downgrade rights." Microsoft's wrongful business practice has forced consumers to pay more for personal computers than they otherwise would have to pay in the absence of Microsoft's conduct. Plaintiff seeks to: (a) recover compensatory and treble damages for injuries that Plaintiff and the class members have sustained resulting from Microsoft's alleged wrongful actions and conduct; (b) require Microsoft to disgorge and restore all monies wrongfully obtained by it; and (c) enjoin Microsoft from continuing to engage in the alleged wrongful conduct.

## JURISDICTION AND VENUE

1. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Microsoft resides in this judicial district.

2. This Court has jurisdiction over the claims alleged in this action because Microsoft transacts substantial business within, and is subject to personal jurisdiction in, this judicial district, and because a substantial part of the events giving rise to Plaintiff's claims took place in this judicial district. Microsoft's actions and conduct have a direct effect on consumers nationwide, including those residing within the State of Washington.

3. Jurisdiction is specifically conferred on this Court by various federal statutes including, but not limited to, 28 U.S.C. § 1332(d), as amended by the CLASS ACTION FAIRNESS ACT OF 2005, because Plaintiff and numerous other members of the proposed class are citizens of states other than the State of Washington and because the amount in controversy exceeds $5,000,000.

SECOND AMENDED CLASS ACTION COMPLAINT - 2
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

**PLAINTIFF**

4.    Plaintiff is a resident of the County of Los Angeles in the State of California. On June 20, 2008, Plaintiff purchased a Thinkpad X61 laptop computer from Lenovo Group Limited, for her own personal use and not for resale.  At the time of her purchase, Plaintiff wanted the Windows XP operating system for her laptop computer. However, in order to obtain the Windows XP operating system that she wanted, Plaintiff was required to purchase a laptop computer that included a license for using the Vista Business operating system – one of Microsoft's most expensive operating systems -- in order to "downgrade" the Vista Business operating system to Windows XP Professional.  Microsoft thus mandated that Plaintiff purchase two operating systems for her laptop computer.  In sum, in order to obtain the operating system that she desired (Windows XP), Microsoft required Plaintiff to first purchase a more expensive operating system (Vista Business) for which she had no need or desire.

**DEFENDANTS**

5.    Microsoft is a corporation organized and existing under the laws of the State of Washington, licensed to do and doing business in the State of Washington, with its corporate headquarters located in Redmond, Washington, at 1 Microsoft Way, Redmond, Washington 98052.  Microsoft is the world's largest seller of operating systems for personal computers.

6.    The true names and capacities of the defendants sued as Does 1 through 100, inclusive, ("the Doe Defendants") are unknown to Plaintiff, who therefore sues these defendants by those fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.  The Doe Defendants are the persons, firms and corporations who have participated with Microsoft in the wrongdoings complained of and have performed acts and made statements to further them. The Doe Defendants acted as co-conspirators and aided and abetted, or participated with,

SECOND AMENDED CLASS ACTION COMPLAINT - 3
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

Microsoft in committing the alleged wrongful acts or otherwise caused the damages suffered by Plaintiff and the other class members.

7. The term "Defendants" means and refers to Microsoft and the Doe Defendants together.

## GENERAL FACTS

8. Microsoft is a computer technology corporation that develops, manufactures, licenses, and supports a wide range of software products for personal computers ("PCs"). Microsoft's flagship products, the Windows operating systems, are used on over 90% of Intel-based PCs, the dominant type of PC in the United States. Microsoft possesses (and for several years has possessed) monopoly power in the market for PC operating systems. The operating system is the most important program on a PC. Every PC must have an operating system to run other programs. Operating systems perform basic tasks such as recognizing input from the keyboard, sending output to the monitor, keeping track of files and directories on the hard drive, and controlling devices such as optical drives and printers.

9. The primary channel through which Microsoft distributes its Windows operating systems is pre-installation on new PCs by PC manufacturers (referred to as Original Equipment Manufacturers, or "OEMs"). Because a PC can perform virtually no useful tasks without an operating system, OEMs consider it a commercial necessity to preinstall an operating system on the PCs they sell. And because there is no viable competitive alternative to the Windows operating system for Intel-based computers, OEMs consider it a commercial necessity to preinstall Windows operating systems on their PCs.

10. Both OEMs and Microsoft recognize that consumers have no commercially viable substitute for Windows, and OEMs cannot preinstall Windows on their PCs without a license from Microsoft. Because nearly all PCs in the United States are shipped with a copy of Windows preinstalled, Microsoft has dictated the terms of its use by consumers -- referred to

SECOND AMENDED CLASS ACTION COMPLAINT - 4
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

as "End Users" - through its End User License Agreements ("EULA") and imposes licensing terms that restrict which versions of Windows may be sold on PCs.

11.   On January 30, 2007, Microsoft launched Windows Vista with much fanfare and touted it as the operating system for a new generation with a slick graphical interface and many new features. But, the reaction to Vista was mostly lukewarm, and many customers were still looking to obtain Windows XP. Direct OEM and retail sales of Windows XP ceased on June 30, 2008. However, Microsoft mandated that consumers who still desired the Windows XP operating system on new PCs must first purchase either Windows Vista Business or Windows Vista Ultimate ("Vista"). Microsoft referred to this mandate as "Windows Vista Downgrade Rights."

12.   Windows Vista Downgrade Rights provided that an OEM may facilitate the End User's downgrade rights from Vista to a qualified version of Windows XP Professional on a new PC. This process is further defined in Microsoft's Desktop Operating System License Agreement ("DTOS"). The downgrade media [Windows XP] must be supplied to the OEM by the End User and must come from a legally licensed version of Microsoft retail, OEM/System Builder, or Volume License channels. Effectively, Microsoft requires the End User who seeks Windows XP to purchase two operating systems, XP and Vista, for one PC, thereby causing an increase in the price of that PC to the End User/consumer.

13.   Since 2008, Microsoft has extended Windows Vista Downgrade Rights three times: first to January 31, 2009; then again to July 31, 2009; and then again to October 21, 2009.

14.   On October 22, 2009, Microsoft launched its most recent operating system called Windows 7. Despite concerted efforts to push its Windows licensees to adopt the most recent version of its operating systems, first Vista and now Windows 7, Microsoft has once again extended the downgrade rights for obtaining Windows XP. Two editions of Windows 7 are eligible for downgrade rights: Windows 7 Professional and Windows 7 Ultimate. These two versions are the most expensive versions of Windows 7. Windows 7 Professional buyers

SECOND AMENDED CLASS ACTION COMPLAINT - 5
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

1  will be able to downgrade to Windows Vista Business or Windows XP Professional, while Windows 7 Ultimate buyers can downgrade to Windows Vista Ultimate or Windows XP Professional. Downgrade rights will be granted for 18 months after Windows 7's launch, from October 22, 2009 to April 1, 2011.  Microsoft refers to this version of downgrade rights as "Windows 7 Downgrade Rights."

15.  Microsoft's business practice mandates that in order for the End User to obtain the Windows XP operating system, excluding Netbooks, the End User must first purchase a PC from an OEM with one of Microsoft's most expensive operating systems: formerly Windows Vista Business or Windows Vista Ultimate and now Windows 7 Professional or Windows 7 Ultimate.  Only after the End User/consumer purchases a PC with one of the most expensive operating systems does Microsoft grant "downgrade rights" to the End User to authorize the OEM to install the End User's copy of XP.  Thus, Microsoft's business practice mandates that, with the exception of Netbooks, the End User purchase two operating systems for one PC in order to obtain Windows XP.

## ALLEGATIONS OF CONCERTED ACTION

16.  At all relevant times, Defendants pursued a common course of conduct, acted in concert and conspired with one another to accomplish the offenses complained of, and have performed acts and made statements to further them.  In addition to committing the alleged wrongful conduct giving rise to primary liability, Defendants further aided and abetted and knowingly assisted each other in perpetrating the wrongdoing complained of.

17.  Whenever this complaint alleges any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in managing, directing, controlling, or transacting the corporation's ordinary business or affairs.

SECOND AMENDED CLASS ACTION COMPLAINT - 6
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

# CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class ("the Class") defined as follows:

> All persons who are residents of the United States of America, who purchased a personal computer that included a license for the use of the Windows Vista Business, Windows Vista Ultimate, Windows 7 Professional, or Windows 7 Ultimate operating system, and who "downgraded" their operating system to the Windows XP Professional operating system (including the Windows XP Tablet PC Edition and the Windows XP x64 Edition).
>
> Excluded from the Class are Defendants, their officers, directors, employees, subsidiaries, divisions, units, and affiliates, as well as any judge, justice or judicial officer assigned to hear any proceeding in relation to this case.

19.     Although the precise number of Class members is unknown to Plaintiff at this time and can only be determined by appropriate discovery, Plaintiff is informed and believes, based upon the nature of the trade and commerce involved, that the Class of persons affected by Defendants' actions and conduct is so numerous, consisting of many hundreds of thousands of people, that joinder of all Class members is impracticable.

20.     Plaintiff will fairly and adequately represent and protect the Class members' interests, as required by Rule 23(a)(4). Plaintiff is an adequate Class representative, as she has no interests that are adverse to the other Class members' interests. Plaintiff is committed to vigorously prosecuting this action, and to that end Plaintiff has retained counsel who are competent and experienced in handling class-action litigation on behalf of consumers.

21.     Plaintiff's claims are typical of the other Class members' claims, as required by Rule 23(a)(3), because Plaintiff and each Class member purchased a personal computer that included a license for using the Windows Vista Business, Windows Vista Ultimate, Windows 7 Professional, or Windows 7 Ultimate operating systems and paid money to downgrade to the Windows XP Professional operating system.

SECOND AMENDED CLASS ACTION COMPLAINT - 7
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

22. Common questions of law and/or fact exist for all Class members, as required by Rule 23(a)(2), and predominate over any individual questions as required by Rule 23(b)(3).

23. The common questions include, but are not limited to, the following:

    a. whether Defendants' actions and conduct violate Washington's consumer protection and unfair business practices laws;

    b. the nature of Defendants' actions and conduct;

    c. the effect of Defendants' actions on consumers within the State of Washington and throughout the United States; and

    d. the type and pattern of damages sustained by Plaintiff and the Class as a result of the wrongful actions and conduct of Defendants.

24. A class action is superior to other available methods for fairly and efficiently adjudicating the claims asserted in this action under Rule 23(b)(3) because:

    a. the expense and burden of individual litigation make it economically unfeasible for Class members to seek redress for their "negative value" claims other than through the procedure of a class action;

    b. if separate actions were to be brought individually by each Class member, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues;

    c. prosecuting separate individual actions would create a risk of inconsistent adjudications of similar factual issues; and

    d. absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

25. In the alternative, this action is certifiable under Rules 23(b)(1) and/or 23(b)(2) because:

    a. prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants;

SECOND AMENDED CLASS ACTION COMPLAINT - 8
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

b.      prosecuting separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.      Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, and necessitating that the relief be extended to Class members on a mandatory, class-wide basis.

26.     Plaintiff is aware of no difficulty that will be encountered in the management of this litigation that should preclude its certification as a class action.

27.     The names and addresses of the Class members are available from Defendants' records.  Notice can be provided to the Class members by first class mail or otherwise, using techniques and a form of notice similar to those customarily used in class actions arising under federal law.

28.     Plaintiff has incurred, and during the pendency of this action will incur, attorneys' fees and expenses.  These attorneys' fees and expenses are necessary for prosecuting this action and will result in a benefit to the Class.

## NATURE OF DEFENDANTS' MISCONDUCT

29.     On or about January 30, 2007, Microsoft publicly released the first version of the Windows Vista operating system ("Vista") – the long-awaited successor to the Windows XP operating system.  During the succeeding two years, Microsoft released multiple versions of its Vista operating system – including Vista Home Premium, Vista Business and Vista Ultimate.  Vista Business and Vista Ultimate are higher-priced versions of the Vista operating system that include specialized applications.  Vista Business costs up to $100 more than Vista Home Basic; Vista Ultimate costs up to $200 more than Vista Home Basic.

30.     When Microsoft first launched Vista, it required OEMs to pre-install the Vista operating system onto their PCs and to sell the PCs to consumers for a single price that

SECOND AMENDED CLASS ACTION COMPLAINT - 9
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

included the pre-installed Vista operating system. As the sole licensor of Vista, Microsoft enjoys vast power over OEMs. As a result, during the initial period of time after Vista's launch, Microsoft forced OEMs to significantly curtail their sales of PCs pre-installed with the Windows XP operating system.

31. The public's reaction to the launch of Vista was not favorable. Consumers reported numerous problems using the Vista operating system, and these problems were and continue to be widely publicized in various media outlets. Among the problems cited have been Vista's heavy horsepower requirements, its intrusive security measures and its incompatibility with older legacy applications. In response to the public's dissatisfaction with Vista, Microsoft decided to grant consumers who purchased a new PC with Vista the right to "downgrade" the operating-systems software from Vista to Windows XP.

32. Initially, Microsoft made this "downgrade" right available to consumers for a limited period of time, then until June 30, 2008. Subsequently, Microsoft extended the time period until January 31, 2009, then until July 31, 2009, and then until October 21, 2009. Plaintiff is informed, believes and alleges that these extensions were prompted by the tremendous profits that Microsoft reaped from consumers who otherwise would not have purchased Vista Business or Vista Ultimate, as well as Microsoft's need to capitalize on consumer demand for the Windows XP operating system to enable Microsoft to recoup its investment in developing and producing Vista.

33. Microsoft's "downgrade rights" policies state: "The right to downgrade is an end-user right [documented in the EULA]…The End User must provide the downgrade media and a valid Product Key…" These policies also state that: "A System Builder (when authorized by the end user), or the end user [may install the Downgrade Software [for XP]]. Because downgrade rights are an end user right granted in the end user license agreement (EULA), the end user must first be able to accept the EULA associated with the software [Vista, and now Windows 7], so this software must be installed first before the Downgrade Software is installed."

SECOND AMENDED CLASS ACTION COMPLAINT - 10
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

34. Although many consumers would prefer to purchase a new PC pre-installed with the Windows XP operating system or at least not pre-installed with the Vista or Windows 7 operating systems, Microsoft has used its monopoly position in the PC operating systems market to take advantage of consumer demand for the Windows XP operating system by requiring consumers to purchase a PC that includes a license for the use of a Vista or Windows 7 operating system and to pay money to downgrade to the Windows XP Professional operating system, using downgrade media provided by the consumer at the consumer's cost. To make matters worse, Microsoft requires consumers to purchase a PC that includes a license for either Vista Business or Vista Ultimate, and now Windows 7 Professional or Windows 7 Ultimate – versions of the operating systems that: (a) are premium, more expensive versions of the home versions of the operating systems: and (b) include specialized applications that are neither needed nor wanted by an ordinary consumer seeking to purchase a PC primarily for personal, non-business use.

35. Plaintiff is informed, believes and alleges that Microsoft conceived and implemented the "right" for consumers to "downgrade" to the Windows XP Professional operating system in order to: (a) maintain and/or inflate its sales figures for the Vista and Windows 7 operating systems (particularly the Vista Business, Vista Ultimate, Windows 7 Professional or Windows 7 Ultimate versions) because Microsoft includes in its sales figures all sales of pre-installed Vista and Windows 7 operating systems – even those that, at the time of sale to the End User/consumer, have been "downgraded" to Windows XP Professional and thus never were used or intended to be used by the consumer; and (b) recoup its investment in developing and producing the Vista and Windows 7 operating systems by forcing consumers to purchase the premium, more expensive versions of the Vista and Windows 7 operating systems (Vista Business, Vista Ultimate, Windows 7 Professional, and Windows 7 Ultimate) in order to "downgrade" to the Windows XP operating system.

36. In response to the high demand for downgrades, Microsoft eventually permitted its OEMs to perform downgrades for the End User/consumer by installing Windows XP

SECOND AMENDED CLASS ACTION COMPLAINT - 11
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

1  directly at the factory. OEMs have charged consumers a range of fees to cover the full cost of
2  the downgrading. For example, in December 2008, Dell was charging consumers a total of
3  $150 to downgrade from Vista Home Premium to Windows XP Professional. When
4  challenged regarding the reasonableness of the amount of its downgrade fee, Dell responded
5  that only $20 of the fee was attributable to the actual price of Windows XP. The other $130
6  was the cost of complying with Microsoft's requirement that, prior to downgrading to
7  Windows XP Professional, the standard Vista operating system first must be replaced with
8  either Vista Business or Vista Ultimate. In other words, prior to permitting the consumer to
9  "downgrade" to Windows XP Professional, Microsoft first mandates that the consumer
10 "upgrade" from the Home versions of its operating systems to either Vista Business, Vista
11 Ultimate, Windows 7 Professional or Windows 7 Ultimate– thereby forcing the consumer to
12 incur an unnecessary expense and creating revenue for Microsoft by virtue of the End User/
13 consumer purchasing two operating systems for one PC.

14         37.    The downgrade "rights" that Microsoft has implemented and mandated for
15 Vista and Windows 7 contrast sharply with the previous and existing "downgrade" rights for
16 other Microsoft software and operating systems. Prior to introducing Vista, Microsoft had
17 permitted consumers to purchase a new license for its software or operating systems and to use
18 it to run an older version of the software or the operating system. For example, users were
19 permitted to purchase a license for Microsoft Office 2007 and use it to run Microsoft Office
20 2003 – at no additional cost beyond the original license fee. Similarly, a consumer could
21 purchase a license for the Windows XP operating system software and use it to run Windows
22 98 – again, at no additional cost beyond the license fee. Consumers who wish to downgrade
23 from Vista or Windows 7 to Windows XP, however, are forced to purchase two operating
24 systems when they only have a use or need for one of them. As a result, consumers are forced
25 to pay more for their PCs than they otherwise would have to pay due to the retail price
26 inflation that is directly attributable to Microsoft's requirement that consumers effectively
27 purchase two operating systems for one PC.

SECOND AMENDED CLASS ACTION COMPLAINT - 12
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

**EFFECT ON END USERS/CONSUMERS**

38. The PC operating systems market ("the Relevant Market") is worth more than $50 billion annually in the U.S. alone. As of October 2009, Microsoft Windows operating systems controlled approximately 90% of the Relevant Market. On July 18, 2008, Microsoft announced that it had sold more than 180 million Vista licenses, which equates to gross sales revenues of between 30 and 60 billion dollars from Vista licenses. Plaintiff is informed, believes and alleges that these figures include Vista licenses that have been downgraded to Windows XP.

39. During the past two years, approximately 35% of the consumers purchasing a new PC have paid to downgrade the operating system from Vista to Windows XP. In doing so, consumers have been forced by Microsoft to purchase two operating systems – one for which they have no use and will never use (Vista) and one which they desire to use (Windows XP) but are forced to pay a supra-competitive price to obtain via a "downgrade." And because Microsoft has mandated that downgrade "rights" apply only to Vista Business and Vista Ultimate, Microsoft's mandate has artificially inflated the demand for Vista Business and/or Vista Ultimate by approximately 54%, attributable to those consumers who purchased Vista Business or Vista Ultimate solely to be able to downgrade to Windows XP. Plaintiff is informed, believes and alleges that the same will hold true for the current launch of Windows 7.

40. Plaintiff and the other members of the Class have suffered injury to their property as a result of Defendants' activities because they have been forced to purchase Vista and Windows 7 operating system software in order to obtain and use the Windows XP operating system software. As a result, Plaintiff and the other members of the Class are forced to pay more for a PC than they otherwise would have to pay due to the retail-price inflation that is directly attributable to Microsoft's requirement that the End User/consumer purchase two operating systems for one PC.

SECOND AMENDED CLASS ACTION COMPLAINT - 13
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

41. Plaintiff and the other members of the Class also have suffered injury to their business and property as a result of Defendants' misconduct because they have been, and continue to be, forced to pay supra-competitive prices for Windows XP: that is, they have been forced to pay substantially more to acquire the Windows XP operating system than they would have to pay in a competitive marketplace in which there were available alternative operating systems.

## FIRST CLAIM FOR RELIEF

### (Violation of the Washington Consumer Protection Act)

42. Plaintiff repeats and incorporates by reference, as though set forth at length, the allegations contained in paragraphs 1 through 41 inclusive, above.

43. By engaging in the above-described acts and practices, Defendants have committed one or more violations of the Washington Consumer Protection Act, RCW 19.86.010, et seq.

44. Defendants' acts or practices repeatedly occurred in the conduct of Defendants' business as part of a pattern or generalized course of conduct, and were capable of deceiving a substantial portion of the public.

45. The acts and practices of Defendants are unfair under RCW 19.86.020 because they have resulted in the general public having to pay for two operating systems – either Vista or Windows 7 and Windows XP -- for their PCs.

46. Defendants' acts or practices are unfair also because they: (1) cause substantial financial injury to Plaintiff and members of the Class in the form of increased costs to purchase two operating systems when they only desired Windows XP Professional; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers because consumers were required to purchase a license to first obtain Windows Vista Business, Windows Vista Ultimate, Windows 7 Professional, or Windows 7 Ultimate operating systems in order to use the desired Windows XP operating system.

SECOND AMENDED CLASS ACTION COMPLAINT - 14
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

47. Defendants' acts and practices are continuing in nature.

48. As a direct and proximate result of Defendants' acts and practices, Plaintiff and the Class have suffered actual damages because they have been forced to purchase personal computers that include a license for one premium operating system (Vista Business, Vista Ultimate, Windows 7 Professional or Windows 7 Ultimate) in order to be able to downgrade to a second operating system (Windows XP Professional) for the same PC. Thus, Plaintiff and the other members of the Class are forced to pay more for a PC than they otherwise would have to pay due to the retail-price inflation that is directly attributable to Defendants' requirement that they purchase two operating systems for one PC.

49. Defendants' repeated acts or practices have affected numerous consumers both prior to and after the transaction involving Plaintiff. Further, Defendants' acts and practices continue to pose a real and substantial potential for repetition causing additional injury likely to affect a substantial number of consumers.

50. Unless Defendants are enjoined from continuing to engage in these unfair business practices, Plaintiff and other members of the Class will continue to be injured and damaged by Defendants' unfair acts or practices.

51. As a result of Defendants' unfair acts or practices, Plaintiff and the Class are entitled to recover compensatory damages, treble damages, reasonable attorneys' fees, prejudgment interest, and costs of suit.

## SECOND CLAIM FOR RELIEF

**(Unjust Enrichment)**

52. Plaintiff repeats and incorporates by reference, as though set forth at length, the allegations contained in paragraphs 1 through 41 inclusive, above.

53. Benefits were conferred on Defendants when they required Plaintiff and the other members of the Class to purchase two operating systems for one PC in order to use the Windows XP operating system. These benefits include, but are not limited to: (a) the amounts paid by Plaintiff and the other members of the Class for an operating system they did not want

SECOND AMENDED CLASS ACTION COMPLAINT - 15
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

to purchase (Windows Vista Business, Windows Vista Ultimate, Windows 7 Professional, or Windows 7 Ultimate); and (b) artificially increased or sustained sales of Windows Vista Business, Windows Vista Ultimate, Windows 7 Professional, and/or Windows 7 Ultimate.

54. Defendants were aware of or knew of these benefits conferred by Plaintiff and the other members of the Class.

55. Defendants accepted and have retained these benefits under circumstances that make it inequitable or unjust for them to do so.

56. Defendants' acts and practices resulting in unjust enrichment are continuing in nature.

57. Plaintiff and the other members of the Class are therefore entitled to a return or refund of the amounts that they paid for the Vista Business, Vista Ultimate, Windows 7 Professional, or Windows 7 Ultimate operating system and are further entitled to recover prejudgment interest, attorneys' fees and costs of suit.

## THIRD CLAIM FOR RELIEF

**(Declaratory Relief Under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*.)**

58. Plaintiff repeats and incorporates by reference, as though set forth at length, the allegations contained in paragraphs 1 through 57 inclusive, above.

59. An actual controversy has arisen and now exists between Plaintiff and the other members of the Class, on the one hand, and Defendants, on the other hand, concerning their respective rights and duties. Plaintiff and the other members of the Class contend that Defendants' alleged activities are unfair acts or practices and result in Defendants' unjust enrichment. Defendants contend that their actions are lawful and proper in all respects.

60. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiff and the other members of the Class may ascertain their rights and duties with respect to Defendants' alleged activities.

SECOND AMENDED CLASS ACTION COMPLAINT - 16
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class as defined herein, prays for judgment and relief as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For compensatory damages in an amount according to proof at trial;
2. That the damages awarded be trebled under the RCW 19.86.090;
3. That Defendants be permanently enjoined and restrained from engaging in the alleged activities; and
4. For reasonable attorneys' fees, together with costs of suit and prejudgment interest.

### ON THE SECOND CLAIM FOR RELIEF

5. For restitution or disgorgement of the monies received by Defendants.

### ON THE THIRD CLAIM FOR RELIEF

6. That this Court declare that Defendants' activities complained of are unfair and unlawful.

### ON ALL CLAIMS FOR RELIEF

7. That Plaintiff and the Class be awarded reasonable attorneys' fees, prejudgment interest at the statutory rate, expenses and costs of suit; and
8. That Plaintiff and the Class be granted other and further relief as the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

SECOND AMENDED CLASS ACTION COMPLAINT - 17
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

1 | DATED this 4th day of November, 2009.

2 | TERRELL MARSHALL & DAUDT PLLC

4 | By: /s/ Beth E. Terrell, WSBA # 26759
Beth E. Terrell, WSBA # 26759
Email:  bterrell@tmdlegal.com
Toby J. Marshall, WSBA # 32726
Email:  tmarshall@tmdlegal.com
Jennifer Rust Murray, WSBA # 36983
Email: jmurray@tmdlegal.com
Marc Cote, WSBA # 39824
Email: mcote@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:   (206) 350-3528

J. Paul Gignac, Admitted *Pro Hac Vice*
Email:  j.paul@aogllp.com
Kiley L. Grombacher, Admitted *Pro Hac Vice*
Email:  kgrombacher@aogllp.com
ARIAS OZZELLO & GIGNAC LLP
4050 Calle Real, Suite 130
Santa Barbara, California  93110
Telephone:  (805) 683-7400
Facsimile:  (805) 683-7401

David R. Greifinger, Admitted *Pro Hac Vice*
Email:  tracklaw@verizon.net
THE LAW OFFICES OF DAVID R. GREIFINGER
1801 Ocean Park Blvd., Suite 201
Santa Monica, California  90405
Telephone: (310) 452-7923
Facsimile: (310) 450-4715

Howard A. Goldstein, Admitted *Pro Hac Vice*
Email:  lohag@att.net
LAW OFFICES OF HOWARD A. GOLDSTEIN
13701 Riverside Drive, Suite 608
Sherman Oaks, California  91423
Telephone: (818) 981-1010
Facsimile: (818) 981-1311

*Attorneys for Plaintiff*

SECOND AMENDED CLASS ACTION COMPLAINT - 18
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby declare that on November 4, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jonathan M. Palmer, WSBA # 26970
> Email: jmpalmer@orrick.com
> Paul F. Rugani, WSBA # 38664
> Email: prugani@orrick.com
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> 701 Fifth Avenue, Suite 5700
> Seattle, Washington 98104
> Telephone: (206) 839-4300
> Facsimile: (206) 839-4301

*Attorneys for Defendants*

Dated this 4th day of November, 2009.

TERRELL MARSHALL & DAUDT PLLC

By: /s/ Beth E. Terrell, WSBA # 26759
Beth E. Terrell, WSBA # 26759
Email: bterrell@tmdlegal.com
Toby J. Marshall, WSBA # 32726
Email: tmarshall@tmdlegal.com
Jennifer Rust Murray, WSBA # 36983
Email: jmurray@tmdlegal.com
Marc Cote, WSBA # 39824
Email: mcote@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiff*

SECOND AMENDED CLASS ACTION COMPLAINT - 19
CASE NO. C09-0189 MJP

ARIAS OZZELLO & GIGNAC LLP
4050 CALLE REAL, SUITE 130
SANTA BARBARA, CA 93110
TELEPHONE 805-683-7400