The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMMA ALVARADO, on behalf of herself and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Case No. C09-189 MJP<br><br>**ORDER GRANTING MOTION TO DISMISS** |

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's second amended complaint ("Complaint"). (Dkt. No. 40.) Having reviewed the motion, Plaintiff's response (Dkt. No. 41), Defendants' reply (Dkt. No. 42), and all papers submitted in support thereof, the Court GRANTS the motion and DISMISSES Plaintiff's claims.

**Background**

Plaintiff Emma Alvarado brings a class action complaint against Defendant Microsoft Corporation in which she seeks relief pursuant to the Washington Consumer Protection Act ("CPA"), a common law claim of unjust enrichment, and the Declaratory Judgment Act. Plaintiff alleges that Microsoft has engaged in actionable, unfair conduct by mandating that customers who purchase new computers who want to run Windows XP must first purchase Windows Vista or Windows 7 and then "downgrade" to XP. (Complaint at 2.) Plaintiff does not

ORDER GRANTING MOTION TO DISMISS - 1

allege that she purchased anything directly from Microsoft.  Rather, she alleges that she purchased a laptop computer from Lenovo, an Official Equipment Manufacturer ("OEM").  (Id. ¶ 4.)  She alleges that she "was required to purchase a laptop computer that included a license for using the Vista Business operating system . . . in order to 'downgrade' the Vista Business operating system to Windows XP Professional."  (Id.)  She does not allege that she paid to downgrade to XP.  She seeks to represent a class of individuals who purchased "a personal computer that included a license for the use of Windows Vista . . . and who 'downgraded' their operating system to the Windows XP Professional operating system. . . ."  (Id. ¶ 18.)

Plaintiff's CPA claim turns on her general allegation that Microsoft has abused its monopoly power and that she has suffered harm as a result.  For example, Plaintiff alleges that "Microsoft has used its monopoly position in the PC operating systems market to take advantage of consumer demand for the Windows XP operating system by requiring consumers to purchase a PC that includes a license for the use of a Vista or Windows 7 operating system and to pay money to downgrade to the Windows XP Professional operating system."  (Compl. ¶ 34.)  The complaint alleges that this conduct is "unfair," but not deceptive.  (Id. ¶ 45.)

Plaintiff's unjust enrichment claim boils down to an allegation that Microsoft was unjustly enriched by "mandating" that she purchase a version of Vista prior to downgrading to XP, although she did not want Vista. (Compl. ¶ 53.)  Plaintiff's request for relief under the Declaratory Judgment Act turns on the substantive allegations in the CPA and unjust enrichment claims.  (Id. ¶¶ 58-60.)  Pursuant to Rule 12(b)(6), Microsoft moves to dismiss the Complaint.

**Analysis**

A.   Standard

On a Rule 12(b)(6) motion to dismiss, the Court must assess the legal feasibility of the complaint.  The Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in Plaintiff's favor.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007).  To survive a motion to dismiss, the complaint "does not need detailed factual

ORDER GRANTING MOTION TO DISMISS - 2

allegations," but it must contain "enough [factual allegations] to raise a right to relief above the speculative level" and to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

B.     CPA

Microsoft moves to dismiss Plaintiff's CPA claim for two independent reasons. (Dkt. No. 40.) First, Microsoft argues that Plaintiff's CPA claim is barred by the "indirect purchaser" rule adopted by the Court of Appeals of Washington in Blewett v. Abbott Laboratories, 86 Wn. App. 782 (1997). Second, Microsoft argues that Plaintiff has failed to allege any conduct that is either deceptive or unfair, as the CPA requires. The Court agrees with Microsoft on both points.

1.     Indirect Purchaser

Under Washington law, only a direct purchaser may pursue an antitrust-based CPA claim. Washington's CPA is modeled on the federal antitrust statutes and federal case law on antitrust is relevant to interpreting the CPA. Blewett, 86 Wn. App. at 785. The Court of Appeals of Washington adopted the holding and reasoning of a Supreme Court case, Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977), where the Supreme Court held that only direct purchasers have standing to pursue antitrust claims. The Blewett court then held that under the CPA "only parties who purchase goods directly from an antitrust violator have a cause of action. . . ." Blewett, 86 Wn. App at 785.

In Blewett, the plaintiff filed suit under the CPA against major drug manufacturers, alleging that she had purchased their drugs from local pharmacies at overinflated prices because the defendants had abused their monopoly power in the drug market. The price inflation was allegedly due to deals made between HMOs, mail order pharmacies, and the drug manufacturers that limited competition from local pharmacies. Id. at 784. The court affirmed dismissal of the CPA claim on the basis that the plaintiff lacked standing to sue because she did not purchase the drugs directly from the drug manufacturers. Id.

ORDER GRANTING MOTION TO DISMISS - 3

1    Here, <u>Blewett</u> squarely forecloses Plaintiff's CPA claim.  First, Plaintiff has alleged that
2 Microsoft is abusing its monopoly power and restraining trade to her detriment.  Plaintiff alleges
3 that Microsoft "has used its monopoly position in the PC operating systems market," to force her
4 to pay more for XP than she purportedly should have.  (Compl. ¶ 34.)  Plaintiff also alleges that
5 Microsoft controls "approximately 90% of the Relevant Market" as of October 2009 and that she
6 suffered harm because she was "forced to pay substantially more to acquire the Windows XP
7 operating system than [she] would have to pay in a competitive marketplace in which there were
8 available alternative operating systems."  (<u>Id.</u> ¶¶ 38, 41.)  Second, Plaintiff alleges that she
9 purchased her computer, including Windows Vista, from Lenovo Group Limited.  (<u>Id.</u> ¶ 4.)
10 Plaintiff makes no allegation that she purchased anything from Microsoft directly.  Plaintiff's
11 claim is essentially the same as that made in <u>Blewett</u>; she paid too much to acquire XP from a
12 third-party on account of Microsoft's monopolist restraint on trade that required OEMs to sell
13 only Vista on new computers, even if the purchaser wanted XP.  Plaintiff lacks standing to
14 pursue this claim.

15    Plaintiff attempts to argue that she entered into an End User License Agreement directly
16 with Microsoft and this somehow alters the equation.  However, the EULA is not a "purchase"
17 for the purpose of the Blewett inquiry.  Nowhere does Plaintiff allege she purchased anything
18 from Microsoft directly.  <u>See</u> <u>Kloth v. Microsoft Corp</u>., 444 F.3d 312, 320 (4th Cir. 2006)
19 (holding that EULAs from Microsoft did not alter the <u>Illinois Brick</u>/<u>Blewett</u> indirect purchaser
20 rule).

21    Plaintiff also contends that her claim is not based on price fixing, but rather on a
22 requirement that XP purchasers buy two products, rather than one.  (Dkt. No. 41 at 16.)  This is a
23 distinction without merit.  That Plaintiff bought more than she wanted still boils down to a claim
24 that she paid too much for XP on account of Microsoft's restraint on trade.

25    Plaintiff lacks standing to pursue her CPA claim.  While this alone is a basis for dismissal
26 of the CPA claim, the Court also considers the merits and failures of Plaintiff's CPA claim.

ORDER GRANTING MOTION TO DISMISS - 4

2. <u>Merits of CPA claim</u>

Microsoft argues that Plaintiff's CPA claim fails on the merits because she has not alleged either unfair or deceptive conduct to satisfy the first element of a CPA claim. The Court agrees with Microsoft.

The first element of a CPA claim requires the plaintiff to plead that the defendant engaged in an unfair or deceptive act or practice. RCW 19.86.020. Plaintiff may satisfy this element by pleading either that defendant engaged (1) in "an act or practice which has a capacity to deceive a substantial portion of the public," or (2) in a "per se unfair trade practice." <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 785-86 (1986). Only the legislature may designate certain acts to be "per se" unfair. <u>Id.</u> at 787 ("Where the Legislature specifically defines the exact relationship between a statute and the CPA, this court will acknowledge that relationship.") Conduct that is alleged to be simply unfair is not sufficient.

Plaintiff has not alleged that Microsoft's conduct is per se unfair or that it is in any way deceptive. Plaintiff cites to no statute or legislative provision suggesting that the XP downgrade program is per se unfair. Further, Plaintiff states expressly that her "CPA claim is not predicated on consumers being deceived; rather it is predicated on the unfairness of Microsoft's business practice." (Dkt. No. 41 at 18-19.) Plaintiff's CPA claim thus fails to satisfy the first required CPA element and is dismissed.

Plaintiff argues that she need only plead that Microsoft's conduct is "unfair," not per se unfair, to satisfy the CPA. For support, Plaintiff relies exclusively on <u>Panag v. Farmers Ins. Co. of Wash.</u>, 166 Wn.2d 27 (2009). Like much of the authority cited by Plaintiff, <u>Panag</u> does not contain the holding Plaintiff contends it holds. Plaintiff cites <u>Panag</u> as support for this statement of law: "Under Washington law, a practice is unfair if it: (1) causes substantial injury to the consumer; (2) is not outweighed by countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by the consumer." (Dkt. No. 41 at 19.) <u>Panag</u> contains no such

ORDER GRANTING MOTION TO DISMISS - 5

1  holding. Rather, the section relied on by Plaintiff in Panag is merely a recitation of elements
2  from California law that the court does not adopt as Washington law. Hangman Ridge remains
3  the law in Washington and requires that the conduct be per se unfair, not merely labeled unfair
4  by the plaintiff. Plaintiff's attempt to stretch the law is without merit.

5  Plaintiff also invokes Kelley v. Microsoft Corp., No. 07-475 MJP (W.D. Wash.), as
6  evidence that a CPA claim can be pursued so long as the plaintiff shows retail price inflation.
7  (Dkt. No. 41 at 19.) Plaintiff misconstrues and misapplies the holding of one order in this case.
8  In Kelley, the Court made no determination that a plaintiff can satisfy first element of a CPA
9  claim by pleading retail price inflation. Rather, the Court considered whether retail price
10 inflation satisfied causation under the CPA, not whether the alleged conduct was unfair or
11 deceptive. Unlike Plaintiff's claim here, the plaintiffs in Kelley alleged squarely that Microsoft
12 engaged in deceptive conduct. Plaintiff's reliance on Kelley is misplaced.

13 The Court GRANTS Microsoft's motion to dismiss Plaintiff's CPA claim with prejudice.
14 Microsoft requests dismissal with prejudice in its motion and reply, and Plaintiff did not brief the
15 issue. Plaintiff has twice amended her complaint and no further amendment can cure the two
16 fatal defects highlighted above. Dismissal with prejudice is proper.

17 B.     Unjust Enrichment

18 Microsoft argues that Plaintiff has failed to satisfy the three elements of her unjust
19 enrichment claim, and that the claim should be dismissed. Microsoft is correct.

20 Unjust enrichment is a cause of action that asks the Court to impose an implied in law
21 contract between two parties. "A contract implied in law, or 'quasi contract,' . . . arises from an
22 implied duty of the parties not based on a contract, or on any consent or agreement." Heaton v.
23 Imus, 93 Wn.2d 249, 252 (1980). "Unjust enrichment is the method of recovery for the value of
24 the benefit retained absent any contractual relationship because notions of fairness and justice
25 require it." Young v. Young, 164 Wn.2d 477, 484 (2008).
26

ORDER GRANTING MOTION TO DISMISS - 6

The three elements of an unjust enrichment claim in Washington are: (a) a benefit conferred on defendant by the plaintiff; (b) appreciation or knowledge of the benefit; and (c) that retention of the benefit would be unjust under the circumstances. Bailie Commc'n, Ltd. v. Trend Bus. Sys. Inc., 61 Wn. App. 151, 160 (1991). This third element requires the plaintiff to allege that "the party receiving the benefit must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value." Cox v. O'Brien, 150 Wn. App. 24, 37 (2009).

Plaintiff has sufficiently alleged that she conferred a benefit on Microsoft. She alleges that she was "required to purchase a laptop computer that included a license for using the Vista Business operating system . . . in order to 'downgrade' . . . to Windows XP Professional." (Compl. ¶ 4.) Microsoft thus benefitted by selling a copy of Vista that it otherwise would not have if XP had been freely available to Plaintiff. (Id.) Plaintiff also alleges that she paid more than she should have to obtain XP, because Vista is more expensive. Plaintiff does not allege she had to pay to downgrade to XP, however. Microsoft argues that Plaintiff must and has not shown that the she "directly" conferred a benefit on Microsoft because she purchased nothing directly from Microsoft. (Dkt. No. 40 at 24.) Microsoft relies on Farwest Steel Corp. v. Mainline Metal Works, Inc., 48 Wn. App. 719 (1987) for this proposition. However, the court in Farwest did not make as broad a rule as Microsoft urges. The court stated "it is critical that the enrichment be unjust as both under the circumstances and as between the two parties to the transaction." Id. at 732. An unjust enrichment claim is not defective where there is no direct privity.

As to the second element, Plaintiff sufficiently alleges that Microsoft was aware of the benefit it obtained from requiring her to obtain Vista before getting rights to use XP. Plaintiff alleges that Microsoft created the XP downgrade program in order to "recoup its investment in developing and producing Vista." (Compl. ¶ 32.) Plaintiff also alleges that Microsoft is aware of the benefits the XP downgrade program conferred because 35% of consumers purchasing new

ORDER GRANTING MOTION TO DISMISS - 7

1  PCs have paid to downgrade to Windows XP, and Microsoft allegedly knows how many Vista
2  licenses were downgraded to XP.  (Id. ¶¶ 35, 38-39.)  These allegations satisfy Plaintiff's
3  pleading burden.
4        As to the third element, Microsoft correctly contends that Plaintiff has not alleged that
5  Microsoft retained a benefit without giving Plaintiff value in return.  Plaintiff alleges that she
6  purchased a new computer with Vista and then downgraded to XP.  Nowhere does she allege that
7  she paid to downgrade or that she did not receive a copy of Vista when she freely chose to
8  purchase her new computer with that software.  (See Compl. ¶¶ 4, 11.)  That she chose to
9  downgrade to XP without extra cost does not demonstrate that Microsoft retained a benefit
10 without giving value.  Nor does the fact that she chooses to use only one version nullify the fact
11 that Microsoft gave her value for the bargain.  If anything, it appears that Plaintiff obtained two
12 versions of Microsoft's operating software for the price of one.  Plaintiff's complaint fails to
13 show that Microsoft retained any benefit without providing value and her unjust enrichment
14 claim must be dismissed.  Cox, 150 Wn. App. at 37.
15       Plaintiff fails to cite any relevant authority to support her construction of the law as to
16 this element of her claim.  (Dkt. No. 41 at 25.)  All four cases cited are of marginal utility.  Two
17 cases do not consider or apply Washington law, and are thus inapposite.  The two others apply
18 Washington law, but are distinguishable.  In Kreidler v. Pixler, No. 06-697RSL, 2006 WL
19 3539005 (W.D. Wash. Dec. 7, 2006), the court found the allegations sufficed to show that the
20 defendants "took possession of monies" and failed to pass them on to the rightful beneficiary or
21 give anything of value.  In Orient Maritime Ltd. v. SSA Intern., Inc., No. C05-1100L, 2005 WL
22 3448068 (W.D. Wash. Dec. 14, 2005), the court found an allegation of unjust enrichment
23 sufficient where the plaintiff alleged that it was duped by the defendant to pay more for a project
24 that was not completed and that the defendant had converted the funds and was unjustly
25 enriched.  These two cases are distinguishable from Plaintiff's claim because the defendants in
26 Kreidler or Orient Maritime gave nothing of value in return for taking money.  They essentially

ORDER GRANTING MOTION TO DISMISS - 8

converted the funds of another. Here, however, Microsoft gave value to Plaintiff in the form of two operating systems, only one of which Plaintiff purchased. There is no allegation that Microsoft failed to give value to Plaintiff. The Court is unable to impose a contract at law between the parties where there is nothing that is owed between them.

The Court GRANTS Microsoft's motion on this issue, and DISMISSES the claim without prejudice.

C.   <u>Declaratory Judgment</u>

Given that Plaintiff has not adequately pleaded a CPA or an unjust enrichment claim, she has not adequately pleaded a claim for declaratory relief. Microsoft's motion on this issue is GRANTED and the claim DISMISSED without prejudice.

**Conclusion**

Plaintiff's CPA claim fails not only because she lacks standing, but also because she has not alleged any unfair or deceptive conduct that is actionable under the CPA. The Court DISMISSES this claim with prejudice. Plaintiff has not adequately pleaded a claim for unjust enrichment because she has failed to show Microsoft retained a benefit without providing value. The Court DISMISSES this claim without prejudice. Having not adequately pleaded a substantive claim, Plaintiff's declaratory judgment request is dismissed without prejudice. The Court GRANTS Microsoft's motion in full.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 22nd day of February, 2010.

Marsha J. Pechman
United States District Judge